UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-116-GFVT

DOUGLAS YATES                                                                                           PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

KENNETH HALE AND
   THE SOCIAL SECURITY ADMINISTRATION                                    DEFENDANTS

*** *** *** *** ***

Douglas Yates, who is evidently a resident of Pikeville, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and has moved to proceed *in forma pauperis*.

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Yates is appearing *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a *pro se* litigant's complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

CLAIMS

Plaintiff Yates claims that the defendants have abruptly terminated his Supplemental

Security Income ("SSI") benefits in violation of his constitutional right to due process of law.

## DEFENDANTS

As defendants, the plaintiff has named "Kenneth Hale, 333 Hambley Blvd, Pikeville Kentucky," and the Social Security Administration ("SSA").

## RELIEF

Plaintiff seeks a jury trial; continuation of his benefits until a hearing can be had; and damages.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff has submitted a self-styled complaint [Record No. 1] and a copy of a letter which he wrote to the SSA's "Southeastern Program" in Birmingham, Alabama [Record No. 5], which the Court has construed as an amendment of right. The following is a summary of the information contained in these documents.

Plaintiff states that he began drawing "social SSI checks in January 2003" and later was granted Medicare insurance coverage and food stamps. However, on May 18, 2007, he was informed by a letter from Kenneth Hale that he would no longer get his $623.00 SSI checks because of an outstanding warrant issued for Douglas Yates in Pasco County, Dade City, Florida, on April 1, 1991. The offense charged was failure to re-deliver a rented Ryder truck.

Plaintiff does not provide a copy of Hale's letter but states that in response thereto, he went to the local Social Security Office in Pikeville, Kentucky, and informed them that he has never been in Dade City, nor has he ever rented a Ryder truck.[1]  Purportedly, the response which he received in the local office was that there was no way to appeal the SSA's termination; rather,

---

[1] Moreover, he offers to prove these facts by submitting to a polygraph test.

the only way to get benefits reinstated was for the plaintiff to go to Florida and bring back court records showing that the 1991 case had been dismissed or that he was not the person charged.

On May 22nd, the plaintiff alleges, he went to the office of a local attorney whom he could not afford to pay but who did him the favor of telephoning "Manny Garcia of the State's Attorney's Office in Dade City." When the attorney read the social security number on Yates' social security card aloud to Mr. Garcia, Garcia purportedly responded that Yates' number was not the number of the Douglas Yates accused in that criminal case. Garcia then read a telephone number to the attorney and Yates, and the plaintiff responded that he did not know that number. Purportedly, after a few more minutes of conversation between the attorneys, the telephone call ended and Yates was told that he would probably have to go to Florida to resolve the matter.

According to the plaintiff, he then returned to the Pikeville SSA office and again asked to appeal the matter. Again, he claims, he was told that there was no appeal, nor would there be any opportunity for a hearing on the matter.

Plaintiff next alleges that on May 29, 2007, he sent a motion to the Florida court to dismiss the 16-year-old case, and that he possesses the certified mail receipts showing that the motion was received by the court and a copy was received by the State's Attorney. He attaches to the complaint a copy of the *pro se* motion, which is verified, titled "Motion to set a Trial on CRC 9100997 CFAES, and/or Dismiss with/or without Prejudice as Appears Proper," and styled for Pasco County Circuit Court, Dade City, Florida.

In the motion to the Florida court, Yates sets out the events surrounding the sudden termination of his benefits, as afore-described, and makes three alternative requests. He asks the Florida court for dismissal of the criminal case; and/or a letter from the State's Attorney or the

court stating that the case will not proceed against him; and/or an order setting a trial date and directing the State's Attorney to fully disclose all evidence in his possession to Yates.

Next, on June 14, 2007, Yates wrote a letter to the SSA's Southeastern Program in Birmingham. He has now submitted a copy of the letter in the instant record and the Court has considered it as an amendment to his complaint. In the letter, the plaintiff informs the Birmingham office of the same "facts," *i.e.*, Hale's letter, the SSA's Pikeville Office's refusal to let him appeal, and the attorney's efforts in his behalf. Plaintiff also advises that he has filed the instant federal lawsuit on the ground that the SSA's summary termination of benefits violated his rights under the Fifth and Fourteenth Amendments, and he is hoping to get a jury trial.

Yates reveals one new piece of information in this letter. He states therein that he has now received a letter from the SSA, "saying now I can appeal something about regular social security." However, he explains, he never received "regular social security"; it was "supplemental security income" which he received from January of 2003 – until it was terminated on May 15, 2007.

## DISCUSSION

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the persons allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

The plaintiff has named a person working for the SSA as a defendant. However "a *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975).

When a federal employee is sued in his or her individual capacity, though, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, when the person acting under color of federal law is sued in that person's individual capacity, sovereign immunity does not protect him and so the action may be maintained. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

In the instant case, while naming Hale as a defendant, the plaintiff has alleged only that Hale wrote the letter informing him of the termination of his SSI benefits. Yates has not mentioned the capacity in which he is suing Hale. To the extent that the allegations can be construed to mean that Hale is being sued in his official capacity, he is protected by sovereign immunity and may be dismissed as not being a proper defendant. As to claims against him individually, the Court is not willing to issue summons for Hale individually, absent the plaintiff's having made allegations against him individually. Therefore, the Court will dismiss Hale as a defendant herein, without prejudice.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff's original motion to proceed *in forma pauperis* [Record No. 2] and his amended motion [Record No. 4] are **GRANTED**.

(2) Kenneth Hale is **DISMISSED** as a defendant herein, without prejudice.

(3) The Clerk in the divisional office in which the case lies shall prepare and issue

summons for the Social Security Administration; in addition to the summons, the Clerk shall make 2 sets of copies of the summons and mark one set to be served on the United States Attorney General and one set to be served on the United States Attorney for the Eastern District of Kentucky.

(4) The Divisional Clerk shall also prepare as many copies of the complaint and this Order as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(5) After the Divisional Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(6) The Divisional Clerk shall enter the certified mail receipt into the instant record.

(7) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on the Social Security Administration and shall serve copies of the documents on the United States Attorney General, in Washington, D.C. and on the United States Attorney for the Eastern District of Kentucky, all service to be made by certified mail, return receipt requested.

(8) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(9)     The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

(10)    For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 5th day of July, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge