NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-116-GFVT

DOUGLAS YATES                                                                                           PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

KENNETH HALE AND
  THE SOCIAL SECURITY ADMINISTRATION                                 DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendant's Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and/or (6).

BACKGROUND

On May 30, 2007, Douglas Yates, who is evidently a resident of Pikeville, Kentucky, filed a *pro se* civil rights complaint, under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and moved to proceed *in forma pauperis*. On July 5, 2007, this Court granted the Motion and proceeded to screen the complaint pursuant to 28 U.S.C. § 1915(e).

In his complaint, Plaintiff Yates has claimed that the two named Defendants, "Kenneth Hale, 333 Hambley Blvd, Pikeville Kentucky;" and the Social Security Administration ("SSA") abruptly terminated his Supplemental Security Income ("SSI") benefits in violation of his Constitutional right to due process of law. Plaintiff seeks jury trial; continuation of his benefits until a hearing can be had; and damages.

Yates' claim is based on the following factual allegations, which the Court summarized in a Memorandum Opinion and Order of July 5, 2007:

> Plaintiff states that he began drawing "social SSI checks in January 2003" and later was granted Medicare insurance coverage and food stamps. However, on May 18, 2007, he was informed by a letter from Kenneth Hale that he would no longer get his $623.00 SSI checks, because of an outstanding warrant issued for Douglas Yates, in Pasco County, Dade City, Florida, on April 1, 1991. The offense charged was failure to re-deliver a rented Ryder truck.
>
> Plaintiff does not provide a copy of Hale's letter, but states that in response thereto, he went to the local Social Security Office, in Pikeville, Kentucky, and informed them that he has never been in Dade City, nor has he ever rented a Ryder truck.[1] Purportedly, the response which he received in the local office was that there was no way to appeal the SSA's termination; rather, the only way to get benefits reinstated was for the plaintiff to go to Florida and bring back court records showing that the 1991 case had been dismissed or that he was not the person charged.
>
> On May 22nd, the plaintiff alleges, he went to the office of a local attorney whom he could not afford to pay but who did him the favor of telephoning "Manny Garcia of the State's Attorney's Office in Dade City." When the attorney read the social security number on Yates' social security card aloud to Mr. Garcia, Garcia purportedly responded that Yates' number was not the number of the Douglas Yates accused in that criminal case. Garcia then read a telephone number to the attorney and Yates, and the plaintiff responded that he did not know that number. Purportedly, after a few more minutes of conversation between the attorneys, the telephone call ended and Yates was told that he would probably have to go to Florida to resolve the matter.
>
> According to the plaintiff, he then returned to the Pikeville SSA office and again asked to appeal the matter. Again, he claims, he was told that there was no appeal, nor would there be any opportunity for a hearing on the matter.
>
> Plaintiff next alleges that on May 29, 2007, he sent a motion to the Florida Court to dismiss the 16-year-old case, and that he possesses the certified mail receipts showing that the motion was received by the Court and a copy was received by the State's Attorney. He attaches to the complaint a copy of the *pro se* motion, which is verified, titled "Motion to set a Trial on CRC 9100997 CFAES, and/or Dismiss with/or without Prejudice as Appears Proper," and styled

---

[1] Moreover, he offers to prove these facts by submitting to a polygraph test.

>    for Pasco County Circuit Court, Dade City, Florida.
>
>    In the motion to the Florida court, Yates sets out the events surrounding the sudden termination of his benefits, as afore-described, and makes three alternative requests. He asks the Florida Court for dismissal of the criminal case; and/or a letter from the State's Attorney or the Court stating that the case will not proceed against him; and/or an order setting a trial date and directing the State's Attorney to fully disclose all evidence in his possession to Yates.
>
>    Next, on June 14, 2007, Yates wrote a letter to the SSA's Southeastern Program in Birmingham. He has now submitted a copy of the letter in the instant record and the Court has considered it as an amendment to his complaint. In the letter, the plaintiff informs the Birmingham office of the same "facts," *i.e.*, Hale's letter, the SSA's Pikeville Office refusal to let him appeal, and the attorney's efforts in his behalf. Plaintiff also advises that he has filed the instant federal lawsuit on the ground that the SSA's summary termination of benefits violated his rights under the Fifth and Fourteenth Amendments, and he is hoping to get a jury trial.
>
>    Yates reveals one new piece of information in this letter. He states therein that he has now received a letter from the SSA, "saying now I can appeal something about regular social security." However, he explains, he never received "regular social security;" it was "supplemental security income" which he received from January of 2003 – until it was terminated on May 15, 2007.

Record No. 8 at 2-4. At the conclusion of its screening Memorandum Opinion and Order, the Court dismissed Defendant Hale, but ordered that summons issue for the other Defendant, the SSA, to respond to the Plaintiff's Complaint.

### DEFENDANT'S MOTION TO DISMISS

The SSA has responded with a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6), or in the alternative, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

The Defendant begins with the facts, supported by an attached declaration from an SSA official and relevant documents. The SSA confirms that on May 15, 2007, it issued a notice that

it would not pay SSI benefits beginning with January 2003, as federal law prohibits payments to individuals who have an outstanding arrest warrant for a felony. Therefore, Yates' SSI payments would cease, beginning in June, and he was responsible for a 2003 - 2007 overpayment of benefits in the amount of $30,691.00. By letter to the SSA dated May 23, 2007, Plaintiff requested an appeal. One week later, on May 30, 2007, he filed the instant action.

The Defendant SSA then reports on events which occurred after May 30th. The SSA construed Yates' May 23rd letter as a request for reconsideration and another SSA employee reviewed and then changed the May decision. By July 2, 2007, Plaintiff was informed that his benefits were reinstated based on good cause being found in connection with the felony warrant; and that his missed June and July payments would be sent to him. By July 6, 2007, in a formal response to the Plaintiff's May 23, 2007 appeal/reconsideration, he was also informed that his $30,691 overpayment had been removed.

Therefore, based on these subsequent events, the Defendant urges dismissal of the instant lawsuit on two grounds. The first is the Plaintiff's failure to exhaust the SSA administrative remedies prior to filing suit. Plaintiff had only just begun the steps necessary to an appeal on May 30th, when he filed herein, and the law requires full exhaustion prior to a filing in federal court. The SSA also contends that since the July determinations were fully favorable to the Plaintiff, no remaining case or controversy exists. Therefore, dismissal is appropriate for failure to state a claim upon which this Court may grant relief and/or for lack of subject matter jurisdiction.

PLAINTIFF'S RESPONSE

Yates has filed a Rebuttal in which he does not deny the reinstatement of his benefits or

any other facts as set out by the SSA. Rather, he continues to claim that the SSA's actions in May were violative of his Fifth and Fourteenth Amendment rights. Further, Plaintiff analogizes the SSA to a petty thief in that a thief cannot show up in court and say "Oh Im sorry, heres the property back, so I've corrected my mistakes, all should be forgiven." Similarly, the Plaintiff herein argues, the SSA should not be able to do so. The agency should be held accountable in a jury trial.

STANDARDS UNDER RULE 12

Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). The lack of subject matter jurisdiction may be asserted by either party or by the court, *sua sponte*, at any time during the course of an action. Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942).

Fed.R.Civ.P. 12(b)(1) provides that a party may make a motion for dismissal based on lack of subject matter jurisdiction. A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir.2005); *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004); *Ohio Nat. Life Ins. Co. v. U.S.,* 922 F.2d 320, 325 (6th Cir.1990).

Where the defendant mounts a facial attack on subject matter jurisdiction, the District Court must take the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *U.S. v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-722 (6th Cir.1999); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). The approach followed in

5

reviewing such a facial attack, in which the Court takes the allegations in the complaint as true, is therefore similar to that employed under 12(b)(6) motions to dismiss. *DLX,* 381 F.3d at 516.

It is well settled that in considering a Rule 12(b)(6) motion, the Court must take well pled allegations as true and construe them most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

The United States Court of Appeals for the Sixth Circuit has written of the burden imposed on a plaintiff upon a defendant's filing of such a motion, as follows: "To survive a motion to dismiss . . . , a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Nonetheless, conclusory allegations or conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citations omitted), *cert. denied*, 126 S.Ct. 1911 (2006).

## DISCUSSION

The arguments of the Social Security Administration are well taken and any one of them would support dismissal of the instant lawsuit. For the reasons to be discussed below, the Court concludes that the Plaintiff failed to carry his burden to show that this Court has subject matter jurisdiction over his claims herein.

It is true that 42 U.S.C. § 405(g), *Judicial Review*, specifically requires/permits an

individual to take judicial review of only "any final decision of the Commissioner of Social Security made after a hearing to which the individual was a party . . . ." *Id*. The decision which the Plaintiff has challenged herein, that is, the May of 2007 decision to terminate Yates' SSI benefits, based on an arrest warrant, was not the SSA's "final decision," however. Rather, it was an initial determination. Under the statute, therefore, it was not subject to review.

42 U.S.C. § 405(a) and the Commissioner's regulations promulgated thereunder, provide that a claimant obtains a final decision only if he completes the 4-tiered appeals process, the first step of which is to receive an initial determination and the second step of which is to ask for reconsideration. *See* 20 C.F.R. §§ 416.1402 and 416.1407. This is as far as the instant Plaintiff went, asking for reconsideration *via* the May 23, 2007, letter  He did not await its resolution when he filed this action on May 30th. Yates does not even allege that he went further in the process, *i.e.* to step 3, requesting a hearing before an Administrative Law Judge (§ 416.1429) or finally, to step 4, requesting a review of the decision by the Appeals Council (§ 416.1481).

Accordingly, because the Plaintiff's appeal never reached the last two stages, the decision complained of was never a "final decision," subject to judicial review. His failure to exhaust the SSA administrative process bars him from proceeding to challenge the SSA's ultimate decision in District Court. This conclusion is the same as that reached in *Jones v. Barnhart*, 2004 WL 1718525 at *2 (N.D. Ill. 2004) (not reported) (complaint dismissed for Jones' failure to first exhaust); *see also Scott v. Commissioner of Social Security Administration*, 2002 WL 31164581 (N.D.N.Y. 2002) (not reported) (granting Rule 12(b)(1) motion to dismiss for failure to exhaust).

Moreover, review of an exhausted, "final decision" is the exclusive remedy available to a disappointed individual such as the instant Plaintiff. The same "final decision" statute continues

as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h), *Finality of Commissioner's decision*. The law could not be clearer: Except for the permissible review of a "final decision of the Commissioner" (as defined in § 405(g) and the implementing regulations), no other judicial review is authorized.

The Court must adhere to the limited review authorized and go no further because the United States enjoys sovereign immunity from suit for damages. Any lawsuit against an agency of the United States is, in essence, a suit against the United States and it may not be maintained. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989).

"Section 405(g) . . . operates as a waiver of sovereign immunity . . . ." Jimenez v. Weinberger, 523 F.2d 689, 702 (7th Cir. 1975). However, the U.S. Congress chosen to limit its waiver of sovereign immunity, *i.e.*, to permit District Courts to review only an SSA "final decision," as provided in 42 U.S.C. § 405(g). And waivers of sovereign immunity are to be strictly construed, *see Spannaus v. Department of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).

Additionally, besides not expanding the statutory language for review of other SSA actions or decisions, Congress then added 42 U.S.C. § 405(h), containing the flat statement that

no other type of action may be pursued in the courts. Therefore, because the SSA is an agency of the United States and Congress limited the SSA waiver of sovereign immunity to only one type of judicial remedy, this Court clearly does not have subject matter jurisdiction over any constitutional tort or civil rights claims against the SSA, including the Plaintiff's purported Fifth and Fourteenth Amendment claims.

This conclusion is consistent with case law. *See, e.g., Thorn v. Social Security Administration*, 2005 WL 1398605 at *4 (D.D.C. 2005) (unpublished) (citing *Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975) (third sentence of Sec. 405(h) "bars district court federal-question jurisdiction over suits . . . which seek to recover Social Security benefits").

Finally, the Court agrees that there is yet another reason why this Court lacks subject matter jurisdiction over the instant proceedings. "Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'" *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief," *i.e.*, nothing remains to be enjoined or declared improper. *Berger, et al. v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 124 L. Ed. 2d 639, 113 S. Ct. 2416 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).

Plaintiff admits that there is no longer a case or controversy about his SSI benefits which the Court may decide. His claim for the reinstatement and resumption of benefits was granted to him by the SSA a few weeks after this lawsuit was filed. Although he clearly thinks that the SSA should not be permitted to simply apologize and make him whole financially, without more, he wants more than the law allows this Court to grant. *See also Kellogg v. Shoemaker*, 46 F.3d 503

(6th Cir. 1995), *cert. denied*, 116 S. Ct. 120 (1995); *Washegesic v. Bloomingdale Schools*, 33 F.3d 679, 682 (6th Cir. 1994), *cert. denied*, 115 S. Ct. 1822 (1995) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).

## CONCLUSION

For the foregoing reasons, this Court has concluded that it does not have subject matter over the Plaintiff's claims against the SSA herein and dismissal of this case is required. Accordingly,

**IT IS HEREBY ORDERED** as follows:

(1)     The Defendant's Motion to Dismiss [Record No. 13] is **GRANTED**.

(2)     Plaintiff Douglas Yates' cause of action herein will be **DISMISSED**, and a contemporaneous Judgment shall issue in favor of the Defendants.

(3)     Plaintiff's Motion for a Status Report [Record No. 14] is **DENIED** as moot.

This the 1st day of November, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge